Bradbury, J.
The findings of the court show that the plaintiff in error made no request, either of the defendant in error or Chas. Weitz, to pay the taxes in controversy, or made any verbal agreement whatever, respecting their payment; and that any obligation which might rest on him in respect thereof, grew out of the covenants contained in the deeds that he had made to the defendant in error and Chas. Weitz respectively. The only covenants that the findings show that these deeds contained were those of warranty and against incumbrances. Whatever the rule may be elsewhere, it was settled in this state by the case of Foote v. Burnett, 10 Ohio, 317, decided by this court in 1840, that the covenant against incumbrances is a real covenant which runs with the land. Therefore a cause of action founded on that covenant, as well as one founded on a covenant of warranty, necessarily draws in question title to real estate, and for that reason falls within the sixth clause of section 591, Revised Statutes, denying jurisdiction to justices of the peace; for, as the covenant attaches to and passes with the land, it can only enure to the benefit of one who either has, or has had, title to the real estate to which it relates.
The cause of action, however, asserted by the defendant in error in the justice’s court, was for money paid out by him for the use and benefit of the plaintiff in error and at the request of the latter, and being for less than three hundred dollars was within the jurisdiction of the justice.
The petition filed in the court of common pleas after the cause was appealed to that court, set forth substantially the same grounds for relief. True, the petition mentions that the plaintiff in error had conveyed to the defendant in error and to Weitz certain lands, and that the money paid was on account of the taxes thereon, but is silent respecting any covenant or stipulation in the deeds, or either of them, obligating the plaintiff in error to liquidate those taxes, but *534 places his obligation in that respect solefy on the averment that the payment was made for the use and benefit of the plaintiff in error and at his request. Therefore, the motion made in the court of common pleas to dismiss the action, on the ground that it was one over which the justice of the peace had no jurisdiction, was properly overruled.
The plaintiff in error, then, by answer, put in issue the averment of the 'petition, that the money had been paid at his request. The parties went to trial upon the issue thus joined between them, which issue the court found for the plaintiff in error; but instead of rendering judgment on this finding the court ignored it entirely and proceeded as if a covenant against encumbrances had been set up in the petition and its breach averred and proven. The finding and judgment on its face shows that the court did not place the judgment upon tlie cause of action set forth in the petition, but on the ground that the money was paid to satisfy a claim for taxes which were a lien on a tract of land that the plaintiff in error, in a deed of conveyance therefor, had covenanted was clear, free and unincumbered.
This course of procedure can be sustained only upon the ground that the court in its discretion, after trial and to conform the pleadings to the evidence, could order or permit an amendment which would transform an action for money paid for the use of another and at his request, into one founded upon a covenant against incumbrances contained in a conveyance of real estate. The record does not show that an amendment was in fact made; but, if in furtherance of justice, under the liberal rules of our code of civil procedure, one ought to, or might have been allowed, it would perhaps be the duty of the reviewing court to treat the case in all respects as if an amendment had been actually made.
Where, however, as in the case under consideration, an action has been begun before a justice of the peace, upon a cause of action within his jurisdiction, and upon the cause being taken to the court of common pleas by an appeal, the petition follows the bill of particulars, and the defendant by answer joins issue upon a material averment of the *535 petition, which upon the trial is found in his favor, it is error for the court trying the cause, unless with the consent or acquiescence of the defendant, to either direct or allow an amendment that not only substitutes one cause of action for another, but introduces a new cause of action over which the justice of the peace had no jurisdiction whatever. Where the justice of the peace had no jurisdiction of the subject matter, an appeal from his judgment will confer none on the court of common pleas. Nichol v. Patterson, 4 Ohio 200; Wood v. O’Ferrall et al. 19 Ohio St., 427.
And it is equally certain that the appeal confers on the appellate court jurisdiction only of the cause of action appealed.
It is also settled in this state that, though the justice of the peace had not jurisdiction of the caqse of action appealed from, yet, if the subject matter of the action was within the original jurisdiction of the appellate court, and the parties without objecting to' the jurisdiction, joined issue and went to trial, they should be held to have waived the objection. Wood v. O'Ferrall et al. 19 Ohio St., 427; Harrington v. Heath, 15 Ohio 483; Bisher v. Richards, 9 Ohio St., 495; Thomas v. Pennrich, 28 Ohio St., 55; O’Neal v. Blessing, 34 Ohio St., 33.
Had a cause of action founded on the covenant against incumbrances been pleaded, and, without objecting, the plaintiff in error had joined issue upon it and gone to trial, he would fall within that principle. But this was not done; on the contrary the plaintiff in error sought in the first instance to avail himself of the objection, nor did he after-wards join in an issue by which he submitted to the court of common pleas the question it decided, or by any other act, waive his right to object to the jurisdiction of the court over any question arising upon the covenants in the deeds he had made to the defendant m error and Weitz. The court of common pleas having found the issues joined between the parties, in favor of the plaintiff in error, and having no authority to substitute for it a cause of action over which, as the record stood, it had no jurisdiction, it should have rendered judgment for the plaintiff in error; *536 and this court having before it the facts found by the court of common pleas, will render such judgment as that court should have rendered.

Judgment for plaintiff in error upon the facts found by the court of common pleas.